Francis X. Tucker, S.
This is a petition for approval of the compromise of a will contest. Margaret Gray Yates died a resident of Ulster County on December 17,1956, and on petition of Frederick Y. Borden, a nephew, a will dated November 24, 1956 was offered for probate. All of the distributees of the decedent were duly cited. Winchell G. Yates and Josephine Y. Anderson appeared and filed objections to the probate. The other distributees, including the parties objecting to the compromise proposed herein, defaulted.
The objections to the probate of the will were tried before a jury in September, 1957 and the Surrogate’s decree was entered on the 20th day of September, 1957 denying probate. The proponent appealed to the Appellate Division, Supreme Court, Third Department, and a decision was duly made affirming the determination of the 'Surrogate of Ulster County (8 A D 2d 865). Subsequently, a motion was made on behalf of the proponent for leave to appeal to the Court of Appeals, which application was returnable on the 13th day of July, 1959, and by stipulation of counsel has been adjourned. As appears in the petition for approval of the compromise, the proponent intends to prosecute the appeal unless the compromise is approved.
On October 22, 1959 a petition was filed by Frederick Y. Borden, the unsuccessful proponent, praying for the Surrogate’s approval of the compromise of the will contest. The terms of the compromise were agreed to by the proponent and Winchell *463 G. Yates and Josephine Y. Anderson, the parties who appeared and objected to the probate of the will.
In that proceeding the Surrogate required the service of a citation upon the distributees of Margaret Gray Yates who had not signed the agreement of compromise.
On the return date certain of these distributees, to wit: Mary Thompson, Katharyn M. Smith, Bussell P. Morris, Jr., and Frederick Yates Butler appeared by counsel and filed objections to the compromise on the ground that they were next of kin and statutory distributees of Margaret Gray Yates, and as such were necessary parties to the proposed compromise.
Subdivision (a) of section 19 (Decedent Estate Law) provides in substance that the Surrogate may authorize adjustment by compromise of “ any controversy that may arise between different claimants to the estate or property in their hands to which agreement such executors, administrators, or trustees and all other parties in being who claim an interest in such estate, and whose interests are affected by the proposed compromise shall be parties in person or by guardian as hereinafter provided.” Subdivisions (c) and (d) provide for the procedure with reference to infants, incompetents or unknowns.
Although the title of section 19 would appear to limit its application to cases involving the interests of infants, incompetents or persons unknown or not in being, the language of subdivision a clearly indicates that all parties in being who claim an interest are necessary parties.
The parties objecting to this compromise agreement are distributees of the deceased, and the citations served upon them in connection with the petition for probate of the will brought hem within the jurisdiction of this court. Having defaulted they are bound by the result of that proceeding. However, the present status of that proceeding is such that there is a decree of the Surrogate of Ulster County to the effect that the will is not the last will and testament of Margaret Gray Yates. This decree has been affirmed by the Appellate Division and unless reversed by the Court of Appeals, the objectants have a vested interest in the estate as determined by the decree.
It is the decision of this court that the proposed compromise, which among other things calls for the admission of the will to probate, cannot be approved as all of the persons whose interests are affected thereby are not parties thereto. Settle order on five days’ notice.